United States District Court
District of Massachusetts

```
_____
                              )
MOMENTA PHARMACEUTICALS, INC., )
SANDOZ INC.,                  )
        Plaintiffs,           )
                              )   Civil Action No.
        v.                    )   11-11681-NMG
                              )
AMPHASTAR PHARMACEUTICALS, INC.,)
INTERNATIONAL MEDICATION      )
SYSTEMS, LTD., WATSON         )
PHARMACEUTICALS, INC.,        )
        Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On October 12, 2011, the defendants submitted an Emergency Motion to Modify or Dissolve the Temporary Restraining Order that was entered by the Court on October 7, 2011 (Docket No. 39). The temporary restraining order ("TRO") prohibits the defendants from advertising, offering for sale or selling a generic enoxaparin product that allegedly infringes one or more of the patents issued to Momenta Pharmaceuticals, Inc. until after the Court conducts a preliminary injunction hearing on October 20, 2011.

In their emergency motion, defendants contend that they will suffer two distinct harms if the TRO remains in effect and is not modified until after the preliminary injunction hearing. First, defendants purportedly will be unable to sell at fair value one lot of their enoxaparin product that is due to expire on December

31, 2011. They contend that the product must have a minimum shelf life of eight weeks to be sold at market price and that an additional two weeks is generally needed for processing and shipping. Second, defendants will be unable to bid on two long-term supply contracts with Group Purchasing Organizations ("GPOs") because the deadlines for those bids (which have already expired or are about to expire) may not be able to be extended after the TRO period.

After consideration of the parties' pleadings, the accompanying exhibits and affidavits and the oral arguments of counsel at the hearing on this date, the Court has determined that modification or rescission of the TRO is unwarranted.

With respect to defendants' inventory with a shelf-life problem, the defendants have not demonstrated that maintaining the status quo for six days will prevent them from locating interested buyers and executing sales or cause them any material harm. The balance of the harms remains in plaintiffs' favor for the time being.

With respect to the bidding issue, the defendants have not demonstrated that the temporary restriction of their ability to record bids on the two GPO contracts will cause them an irrevocable loss of business. The precise terms of the potential contracts, including whether they are "sole source" contracts with or without "termination rights" or "rights of first

refusal", is unclear, and defendants' indeterminate harm does not warrant modification of the TRO.  The Court has temporarily restrained the defendants to prevent potential harm to the plaintiffs in the form of price erosion.  Nothing in defendants' offer of proof has persuaded the Court to alter its decision in the short term.

## ORDER

In accordance with the foregoing, Defendant's Emergency Motion to Modify or Dissolve Temporary Restraining Order (Docket No. 43) is **DENIED**.

**So ordered.**

                                              /s/ Nathaniel M. Gorton  
                                              Nathaniel M. Gorton  
                                              United States District Judge

Dated October 14, 2011