# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOMENTA PHARMACEUTICALS, INC. and SANDOZ, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMPHASTAR PHARMACEUTICALS, INC., INTERNATIONAL MEDICATION SYSTEMS, LTD., WATSON PHARMACEUTICALS, INC., and WATSON PHARMA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 11-11681-NMG ) ) ) ) ) ) ) ) |

## MOTION TO REMOVE STAY

Anthony T. Pierce (admitted *pro hac vice*)
apierce@akingump.com
Mark Mansour (admitted *pro hac vice*)
mmansour@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue NW
Washington, DC  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

Herman L. Goldsmith (admitted *pro hac vice*)
hgoldsmith@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone:  (212) 969-3480
Facsimile:  (212) 956-2900

Steven M. Bauer (BBO No. 542531)
sbauer@proskauer.com
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899


Jan P. Weir (admitted *pro hac vice*)
jan.weir@klgates.com
Joseph J. Mellema (admitted *pro hac vice*)
joseph.mellema@klgates.com
Taylor C. Foss (admitted *pro hac vice*)
taylor.foss@klgates.com
Jennifer A. Mauri (admitted *pro hac vice*)
jennifer.mauri@klgates.com
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, CA 92614
Telephone:  (949) 653-3578
Facsimile:  (949) 253-0902

*Counsel for Defendants Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Watson Pharmaceuticals, Inc., and Watson Pharma, Inc.*

Defendants Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Watson Pharmaceuticals, Inc., and Watson Pharma, Inc. (collectively "Amphastar") respectfully move to lift the stay entered by this Court on August 14, 2012, on the grounds that the Federal Circuit has denied the petition for rehearing *en banc* filed by plaintiffs Momenta Pharmaceuticals, Inc. and Sandoz, Inc. (collectively "Momenta"). Because the Federal Circuit has disposed of Momenta's petition and fully concluded its proceedings in this case, the stay is no longer warranted and this Court should now decide, in accordance with the Federal Circuit's August 3, 2012 ruling, whether the case is "amenable to summary judgment of non-infringement in favor of Amphastar" on safe harbor grounds. *Momenta Pharmas., Inc. v. Amphastar Pharmas., Inc.*, 686 F.3d 1348, 1361 (Fed. Cir. 2012).

As brief background, on August 3, 2012, the Federal Circuit vacated and remanded the preliminary injunction issued in this case last year. A few days later, Amphastar and Momenta jointly moved to stay the case, with a limited exception for summary judgment briefing on the safe harbor issue. (*See* Dkt. No. 327.) This Court granted a stay of the entire action on August 14, 2012. (*See* Dkt. No. 330.) On September 4, 2012, Momenta filed a petition with the Federal Circuit for rehearing *en banc* of the panel opinion. The Federal Circuit invited a response from Amphastar, which Amphastar filed on October 15, 2012. On November 20, 2012, the Federal Circuit denied Momenta's petition for rehearing *en banc*. (*See* Nov. 20 Order, attached as Exhibit A.)

In accordance with this Court's August 14 stay order, Amphastar now respectfully requests that the stay be removed so that it may file a dispositive motion on the grounds suggested in the Federal Circuit's August 3 opinion. *See Momenta Pharmas.*, 686 F.3d at 1361. In jointly seeking the original stay after the Federal Circuit vacated the injunction in this case,

1

Amphastar and Momenta informed the court that "[t]he parties agree that, until further appellate proceedings with respect to the Federal Circuit decision are completed, a stay is appropriate in order to conserve the parties' and the Court's resources." (*See* Dkt. No. 330.)  In the November 14, 2012 status report, the parties noted that they were still "awaiting a ruling by the Federal Circuit on the Petition for Rehearing," and reiterated that "[t]he parties agree" that the stay remained appropriate "until disposition of the rehearing petition by the Federal Circuit[.]" (*See* Dkt. No. 332.)  Because the Federal Circuit has now disposed of Momenta's petition, the stay is no longer warranted.

Momenta will not be prejudiced if the stay is lifted so that Amphastar may file its dispositive motion for judgment on the safe harbor issue; in fact, the parties' original August 9, 2012 joint motion to stay contemplated the filing of the exact same "motion for summary judgment based solely upon the issue that is addressed in the decision of the Court of Appeals." (*See* Dkt. No. 227.)  Although at the time Momenta planned to oppose Amphastar's dispositive motion on the merits, "the parties d[id] not intend that this stay extend to briefing or decision on that particular motion." *See id.*  Moreover, because the Court denied all pending motions without prejudice when it stayed the action (*see* Dkt. No. 230), Momenta need not expend any resources beyond those associated with the dispositive motion it already anticipated back in August.

Momenta has indicated that it intends to seek further review in the Supreme Court, but that is no reason to maintain the stay.  As noted, the parties' joint motion to stay back in August contemplated the same dispositive briefing on safe harbor *immediately*, and the intervening *en banc* rehearing denial makes Momenta's prospects for avoiding Amphastar's dispositive safe harbor defense even more remote.  Beyond that, the chances of the Supreme Court granting a

petition for a writ of certiorari are small. The Supreme Court typically grants review of less than 1% of all petitions for certiorari filed—it granted review in just 77 out of 7,857 petition last Term. *See also* David C. Thompson and Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Procedures*, 162 GEO. MASON L. REV. 237, 275-276 (2009) (certiorari granted in 78 of 8,517 petitions in the Supreme Court's 2005 term, or less than 1%). The odds are barely better for paid petitions. *See id.* (3.5% granted). Worse still, the Supreme Court is particularly disinclined to grant review when a case comes before it—as Momenta's petition will—in an interlocutory posture. *See Virginia Military Inst. v. United States*, 508 U.S. 946 (1993) (Scalia, J., concurring in denial of certiorari) ("We generally await final judgment in the lower courts before exercising our certiorari jurisdiction.") (citing cases); *see also Goldstein v. Cox*, 396 U.S. 471, 478 (1970) ("[T]his Court above all others must limit its review of interlocutory orders.").

Finally, Amphastar will suffer prejudice if the conclusion of this litigation is further put off while Momenta awaits a certiorari decision. Momenta's petition would not be due for 90 days, with up to 60 days in additional extensions possible, and Amphastar's response would not be due for another 30 to 60 days thereafter. *See* SUP. CT. R. 13.1, 13.5. The Supreme Court could also call for the views of the Solicitor General, or simply hold the petition while it deliberates on whether to grant it. All told, this means that resolution of the litigation could be put off for nearly a year before the Supreme Court renders its decision on certiorari. To borrow Momenta's words opposing Amphastar's February 2, 2012 Motion to Stay pending the Federal Circuit's decision (which this Court denied, *see* Dkt. Nos. 148, 151), "[t]he convenience *** of delay pending receipt" of the Supreme Court's certiorari decision "does not outweigh

[Amphastar's] (and the judicial system's) interest in achieving a prompt, final resolution of this case." (*See* Dkt No. 150, at 4-5).

Meanwhile, if the case remains stayed, Amphastar will continue to suffer the uncertainty and prejudice that attend the long-delayed resolution of litigation. Particularly where the likelihood of relief is so slim, there is no basis to force Amphastar to wait such a long time before even initiating the summary judgment process and face for an even longer time all the uncertainty and risk that litigation entails before it can be allowed to obtain a definitive ruling from this Court that its actions did not infringe Momenta's patents. The fact is, the Federal Circuit has already recognized on safe harbor grounds that Amphastar could not have infringed Momenta's patents.[1] And "[o]rdinarily, where a party has won on appeal after losing in the district court, it is appropriate to put the appellate court decision into effect pending the Supreme Court's ruling" on certiorari. *Wald v. Regan*, 708 F.2d 794, 803–804 (1st Cir. 1983) (denying stay of mandate), *judgment rev'd on the merits*, 468 U.S. 222 (1984). Amphastar is therefore entitled to a definitive ruling in this court, and should not be forced to remain in litigation limbo while Momenta makes a highly speculative attempt at Supreme Court review.

## CONCLUSION

For the reasons set forth herein, Amphastar respectfully requests that the Court remove the stay entered on August 14, 2012. If the Court grants the requested relief, Amphastar is prepared to file its dispositive motion promptly or at any schedule the Court deems appropriate and convenient.

---

[1] Given its holding in Amphastar's favor, the Federal Circuit did not have the occasion to address Amphastar's additional arguments establishing the invalidity of Momenta's patents and its infringement claims.

Dated:  November 28, 2012	Respectfully submitted,


	/s/ *Anthony T. Pierce*
	Anthony T. Pierce (admitted *pro hac vice*)
	apierce@akingump.com
	Mark Mansour (admitted *pro hac vice*)
	mmansour@akingump.com
	Debra A. Drake (admitted *pro hac vice*)
	ddrake@akingump.com
	AKIN GUMP STRAUSS HAUER & FELD LLP
	1333 New Hampshire Avenue NW
	Washington, DC  20036
	Telephone:  (202) 887-4000
	Facsimile:  (202) 887-4288

	*and*

	Jan P. Weir (admitted *pro hac vice*)
	jan.weir@klgates.com
	Joseph J. Mellema (admitted *pro hac vice*)
	joseph.mellema@klgates.com
	Taylor C. Foss (admitted *pro hac vice*)
	taylor.foss@klgates.com
	Jennifer A. Mauri (admitted *pro hac vice*)
	jennifer.mauri@klgates.com
	K&L GATES LLP
	1900 Main Street, Suite 600
	Irvine, CA  92614
	Telephone:  (949) 653-3578
	Facsimile:  (949) 253-0902

	*Counsel for Defendants Amphastar*
	*Pharmaceuticals, Inc., International Medication*
	*Systems, Ltd., Watson Pharmaceuticals, Inc., and*
	*Watson Pharma, Inc.*

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that counsel for Defendants has conferred with counsel for Plaintiffs in a good faith attempt to resolve or narrow the issue presented by this motion, and that Plaintiffs oppose this motion.

/s/ *Debra A. Drake*

Debra A. Drake

**CERTIFICATE OF SERVICE**

I hereby certify on this 28th day of November 2012 that a copy of this document was filed with the Court's ECF filing system, and that notice will be sent electronically to counsel of record by operation of the Court's ECF filing system and a copy will be sent to counsel of record via e-mail.

/s/ *Debra A. Drake*

Debra A. Drake