UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MOMENTA PHARMACEUTICALS, INC.  )
and SANDOZ INC.,                )
                                )
            Plaintiffs,          )
                                )   Civil Action No. 11-cv-11681-NMG
        v.                       )
                                )
AMPHASTAR PHARMACEUTICALS, INC., )
INTERNATIONAL MEDICATION SYSTEMS,)
LTD., WATSON PHARMACEUTICALS, INC.)
and WATSON PHARMA, INC.,         )
                                )
            Defendants.          )

## PLAINTIFFS MOMENTA PHARMACEUTICALS, INC. AND SANDOZ, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO REMOVE STAY

Plaintiffs Momenta Pharmaceuticals, Inc. and Sandoz, Inc. (collectively, "Momenta") hereby oppose the Motion to Remove Stay filed by defendants Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Watson Pharmaceuticals, Inc., and Watson Pharma, Inc. (collectively, "Amphastar").

Amphastar asks that the stay be lifted so that it may file a motion for summary judgment in which it would contend that its conduct is protected from liability under 35 U.S.C. § 271(e)(1). Section 271(e)(1) provides an exemption from liability for certain otherwise infringing conduct. Amphastar's motion should be denied. Two separate petitions for a writ of certiorari may result in Supreme Court review that would affect the scope of Section 271(e)(1) and could resolve the related conflict between the Federal Circuit's recent decision in this case and its earlier decision in *Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057 (Fed. Cir. 2011). This Court should maintain the stay, and thus defer further consideration of the statutory interpretation question that would be presented by Amphastar's proposed summary judgment motion, pending

5584474v1

rulings on those petitions. The continued maintenance of the stay will conserve the Court's, and the parties,' resources at least until it is known whether further appellate guidance will be forthcoming in this case or *Classen*. Amphastar will suffer no prejudice from the maintenance of the stay because it is continuing to sell its enoxaparin during the period of the stay.

The *Classen* Case. The Federal Circuit held in *Classen* that activity that is undertaken after an alleged infringer has obtained pre-market approval from the FDA is not exempt from infringement liability under Section 271(e)(1). *Classen*, 659 F.3d at 1070-72 ("The statute does not apply to information that may be routinely reported to the FDA, long after marketing approval has been obtained."). When this Court granted Momenta's motion for a preliminary injunction, it held that *Classen* was controlling and, on that basis, rejected Amphastar's arguments regarding the scope of Section 271(e)(1). (Memorandum and Order, at 23.) (Docket No. 92.) However, on August 3, 2012, a 2-to-1 majority of a panel of the Federal Circuit adopted the statutory interpretation that is rejected in *Classen*: "We therefore hold that post-approval studies ... fall within the scope of the § 271(e)(1) safe harbor." *Momenta*, slip op. at 20 (Docket No. 322.). In dissent, Chief Judge Rader observed that the panel majority's decision in this case "ignores the binding precedent of *Classen*" and "cannot be genuinely reconciled with *Classen*." *Momenta*, slip op. at 3, 16 (Rader, C.J., dissenting).

A petition for writ of certiorari has been filed in *Classen*. The Supreme Court has requested the views of the Solicitor General regarding this petition. *GlaxoSmithKline v. Classen Immunotherapies, Inc.*, No. 11-178 (U.S. Solicitor General Invitation June 25, 2012). There is, therefore, a significant, and greatly enhanced, chance that the Supreme Court will grant certiorari in the *Classen* case. *See* David C. Thompson and Melanie F. Wachtell, *An Empirical Analysis of Supreme Court Certiorari Petition Procedures: The Call for Response and the Call for the Views*

*of the Solicitor General*, 16 Geo. Mason L. Rev. 237, 273-74 (2009) (concluding that certiorari petitions in paid cases were granted in 42% of all cases where the Supreme Court requested the Solicitor General's views, and that those petitions are more than 46 times more likely to be granted than when the Solicitor General's views have not been requested).

If, as expected, the Solicitor General responds to the Supreme Court's request for his views in December 2012, the Supreme Court will likely decide whether to grant certiorari in *Classen* in January 2013. A Supreme Court decision in *Classen* would likely resolve important issues relevant to this case regarding the scope of Section 271(e)(1). In these circumstances, it makes sense for this Court to postpone further briefing or decision on a motion for summary judgment in this case at least until the Supreme Court rules on the *Classen* petition. *Cf., Taunton Gardens Co. v. Carla Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (staying further proceedings pending resolution of a related appeal in the D.C. Circuit); *Warner-Lambert Co. v. United Retail & Wholesale Employee's Teamster Local No. 115 Pension Plan*, 791 F.2d 283, 286-287 (3d Cir. 1986) (staying mandate pending Supreme Court's consideration of certiorari petition in another case with recognized circuit conflict).

The Present Case. Momenta is preparing a petition for writ of certiorari in the present case. The petition will seek further review of issues relating to the scope of Section 271(e)(1) as applied to the facts of this case -- *i.e.*, many of the same issues as would be presented by Amphastar's proposed summary judgment motion. A ruling on that petition is expected in mid-2013. Because of the conflict between the Federal Circuit panel decision in this case and the panel decision in *Classen*, there is an enhanced chance that this petition will be granted (or held pending a decision in the *Classen* case if certiorari is granted in that case). *See, e.g., Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 23-24 (1997) (differences of opinion

among judges of the Federal Circuit on patent law matters are sufficient to warrant certiorari); *and, see, e.g., Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 534 (1987) (granting certiorari to review the entry of a preliminary injunction). This Court should allow appellate proceedings regarding the preliminary injunction order in this case, and the scope of Section 271(e)(1), to be concluded before it again addresses the Section 271(e)(1) issue. The Court should have the benefit of whatever Supreme Court guidance may be forthcoming in this case before it rules on the same or similar issues. *E.g., Lotus Development v. Borland Int'l, Inc.*, Nos. 95-1793, 95-1885, 1995 U.S. App. Lexis 37394 (1st Cir. Dec. 28, 1995).[1]

Moreover, Amphastar requests that the stay in this case be lifted so that it may seek a judgment dismissing this case. Any such judgment would likely subsume this Court's preliminary injunction order and thus could impair the jurisdictional basis for Momenta's certiorari petition. *See Cornish v. Kappos*, 425 Fed. Appx. 885, 885-86 (Fed. Cir. 2011); *Brennan v. William Paterson College*, No. 11-4296, 2012 U.S. App. Lexis 16944, at *17-18 (3d Cir. Aug. 14, 2012). Simple fairness suggests that Momenta's anticipated certiorari petition should first be considered on its merits by the Supreme Court before this Court takes an action that could adversely affect Momenta's appellate rights.

Finally, Amphastar will not be prejudiced if the stay in this case remains in place. *E.g., Lotus*, 1995 U.S. App. Lexis 37394, at *4. Amphastar has been selling, and, presumably will continue to sell, its enoxaparin during the pendency of the stay. In the circumstances, the wiser

---

[1] In *Lotus*, the district court granted a stay on similar but less compelling facts. After the First Circuit had reversed the district court's entry of an injunction, the defendant sought to move for final judgment. The district court stayed all further proceedings pending a denial or decision on the merits of plaintiff's petition for writ of certiorari, also commented that since the injunction was no longer in place there was no prejudice to the defendant. 1995 U.S. App. Lexis 37394, at *3-4. Here, the reasons for maintaining the stay are even more compelling because a petition for certiorari is also pending in *Classen*.

4

and fairer course is to await the Supreme Court's consideration of the certiorari petitions described above so as to minimize the risk that issues addressed now will have to be readdressed later and to avoid any risk that Momenta's appellate rights with respect to its anticipated certiorari petition will be prejudiced.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Remove Stay should be denied.

Respectfully submitted,

MOMENTA PHARMACEUTICALS, INC.

By their attorneys,

/s/ Robert S. Frank, Jr.
Robert S. Frank, Jr. (BBO #177240)
rfrank@choate.com
Eric J. Marandett (BBO #561730)
emarandett@choate.com
Daniel C. Winston (BBO#562209)
dwinston@choate.com
Michael E. Murawski (BBO #669857)
mmurawski@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

SANDOZ INC.

By their attorneys,

/s/ Thomas P. Steindler
Sarah Chapin Columbia (BBO #550155)
scolumbia@mwe.com
Melissa Nott Davis (BBO #654546)
mndavis@mwe.com
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109
Tel.: (617) 535-4000
Fax: (617) 535-3800

<table>
<tr><td>Dated: December 12, 2012</td><td>- and -<br>Thomas P. Steindler (admitted *pro hac vice*)<br>*tsteindler@mwe.com*<br>MCDERMOTT WILL & EMERY LLP<br>600 13th Street, N.W.<br>Washington, D.C. 20005-3096<br>Tel.: (202) 756-8254<br>Fax: (202) 756 8087</td></tr>
</table>

5584474v1

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 12, 2012.

/s/ *Robert S. Frank, Jr.*
Robert S. Frank, Jr.