# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOMENTA PHARMACEUTICALS, INC. and SANDOZ, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> AMPHASTAR PHARMACEUTICALS, INC., INTERNATIONAL MEDICATION SYSTEMS, LTD., ACTAVIS, INC., and ACTAVIS PHARMA, INC., <br><br>  Defendants. | Civil Action No. 11-11681-NMG |

## DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' CLARIFICATION TO THEIR RESPONSE AND PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR ENTRY OF FINAL JUDGMENT

Jan P. Weir (admitted *pro hac vice*)
Joseph J. Mellema (admitted *pro hac vice*)
Taylor C. Foss (admitted *pro hac vice*)
Jennifer A. Mauri (admitted *pro hac vice*)
K&L GATES LLP
One Park Place, Twelfth Floor
Irvine, CA 92614
Telephone: (949) 653-3578
Facsimile: (949) 253-0902
jan.weir@klgates.com
joseph.mellema@klgates.com
taylor.foss@klgates.com
jennifer.mauri@klgates.com

Anthony T. Pierce (admitted *pro hac vice*)
Mark Mansour (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
apierce@akingump.com
mmansour@akingump.com

James W. Matthews (Mass. Bar No. 560560)
Katy E. Koski (Mass. Bar No. 650613)
Jason L. Drori (Mass. Bar No. 665865)
K&L GATES LLP
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175
james.matthews@klgates.com
katy.koski@klgates.com
jason.drori@klgates.com

*Counsel for Defendants Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Actavis, Inc., and Actavis Pharma, Inc.*

Defendants hereby oppose and object to entry of Plaintiffs' newly-amended proposed final judgment contained in Plaintiffs' "Clarification" regarding entry final judgment. (*See* Dkt. No. 514.)

Though Plaintiffs now accept that a dismissal with prejudice of their claim relating to the '466 patent is proper, Plaintiffs qualify that dismissal in their proposed final judgment by saying it is not an "adjudication on the merits." (Dkt. No. 514 at p. 3, ¶ 2.) A dismissal with prejudice is, however, an adjudication on the merits. *Coughlin v. Town of Arlington*, 2011 U.S. Dist. LEXIS 146285, at *20-21 (D. Mass. Dec. 19, 2011) ("It is well settled that voluntary dismissal of a complaint with prejudice constitutes a 'final judgment on the merits' for purposes of res judicata.") (citing *United States v. DeCato*, No. 93-10047-WGY, 1997 U.S. Dist. LEXIS 3395, at *2 (D. Mass. Feb. 20, 1997)).

The purpose of the declaratory judgment act, under which Defendants filed their counterclaim requesting a finding of non-infringement of the '466 patent, is to make clear that there is no infringement on the merits. 28 U.S.C. § 2201 ("Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."). Indeed, Plaintiffs' attempt to avoid an adverse finding on the merits by unilaterally "withdrawing" the '466 patent when faced with Defendants' motion for summary judgment is one of the very reasons courts do not permit a party to voluntarily withdraw a claim without prejudice. *See Cabrera v. Esso Std. Oil Co. P.R.*, 723 F.3d 82, 88 (1st Cir. 2013); *Watson v. Deaconess Waltham Hosp.*, 298 F.3d 102, 109 (1st Cir. 2002); *see also* FED. R. CIV. P. 15 & 41.

This is not a case where there can be any question as to the merits on the '466 patent. Plaintiffs have admitted in the record that there is no evidence of infringement of the '466 patent. (Dkt. No. 450, Opposition to MSJ, p. 1, n.1: "Discovery ordered by the Court in April 2013

1

appears to show that, contrary to the statements contained in previously-produced Amphastar documents, <u>Amphastar has not used the process claimed in U.S. Patent No. 7,790,466</u> as part of its commercial manufacturing process.  Accordingly, that claim is withdrawn." (emphasis added)) and (Dkt. No. 489, Reply re Sanctions, p. 2, n.2: "<u>Based on the documents</u> finally produced by Amphastar per this Court's April 10 and 15, 2013 Orders, <u>Momenta has withdrawn its claim under U.S. Patent No. 7,790,466</u> and only continues to assert U.S. Patent No. 7,575,886." (emphasis added).)  If Plaintiffs had evidence of infringement, they were obligated to present that evidence in an opposition to Defendants' motion for summary judgment, which was directed to both the '866 and the '466 patents.  Having failed to oppose Defendants' motion as to the '466 patent or present any evidence of alleged infringement, Plaintiffs cannot now assert that the '466 patent has not been adjudicated on the merits.

Plaintiffs also request that the Court limit final judgment by including the statement: "solely on the ground that Defendant's Abbreviated New Drug Application ("ANDA"), as of the date of Defendants' summary judgment filing on January 16, 2013, does not propose to use the procedures in United States Patent No. 7,790,466 as a post-approval release test for Defendants' enoxaparin."  Plaintiffs state that the purpose of including this qualifying language relates to the possibility that "Defendants could still amend their ANDA" to included a test covered by the '466 patent.  However, Defendants are entitled to a judgment on the claims as pled.  Further, there is no evidence whatsoever of any such amendment to Defendants' ANDA, whether any such amendment will ever occur, or what effect any such amendment will have on any alleged future infringement of the '466 patent.  Thus, Plaintiffs are asking this court to include language in the final judgment that goes to a claim that has not been pled, proved, or shown even to be likely.  That issue is not before the court and there is no proper jurisdictional case and

controversy. Absent a case and controversy, Plaintiffs are asking the court to enter an entirely improper advisory decision on an issue that has not been litigated. *Jang v. Boston Sci. Corp.*, 532 F.3d 1330, 1336 (Fed. Cir. 2008) (resolving issues "that do not actually affect the infringement controversy between the parties" would result in impermissible advisory opinion because "[t]he Supreme Court has explicitly held that Article III does not permit the courts to resolve issues when it is not clear that the resolution of the question will resolve a concrete controversy between interested parties").

Accordingly, Defendants request the Court reject Plaintiffs' qualifications and enter the proposed final judgment submitted by Defendants. (Dkt. No. 513-3.)

Dated:  December 6, 2013                     Respectfully submitted,

/s/ Taylor C. Foss

Jan P. Weir (admitted pro hac vice)
Joseph J. Mellema (admitted pro hac vice)
Taylor C. Foss (admitted pro hac vice)
Jennifer A. Mauri (admitted pro hac vice)
K&L GATES LLP
1900 Main Street, Suite 600
Irvine, CA  92614
Telephone:  (949) 653-3578
Facsimile:  (949) 253-0902
jan.weir@klgates.com

*Counsel for Defendants Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Actavis, Inc., and Actavis Pharma, Inc.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party to this action by operation of the Court's ECF filing system, this 6th day of December 2013.

>/s/ Taylor C. Foss
>Taylor C. Foss