**United States District Court**
**District of Massachusetts**

```
_____
                            )
MOMENTA PHARMACEUTICALS, INC. )
AND SANDOZ INC.,              )
                            )
          Plaintiffs,         )
                            )
          v.                  )     Civil Action No.
                            )     11-11681-NMG
AMPHASTAR PHARMACEUTICALS, INC., )
INTERNATIONAL MEDICATION      )
SYSTEMS, LTD., ACTAVIS, INC. AND )
WATSON PHARMA, INC.,          )
                            )
          Defendants.         )
_____  )
```

**MEMORANDUM AND ORDER**

**GORTON, J.**

The subject discovery dispute is one of several matters pending in this patent infringement case, the facts of which are described in previous Memoranda and Orders issued by this Court (Docket Nos. 92, 497).  In brief, plaintiffs Momenta Pharmaceuticals, Inc. and Sandoz Inc. (collectively, and for simplicity, "Momenta") filed suit in 2011 against Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Actavis, Inc. and Watson Pharma, Inc. (collectively, and for simplicity "Amphastar").  Plaintiffs alleged that defendants infringed two of their patents.

The Court entered summary judgment in favor of defendants in July, 2013 (Docket No. 497) but has reserved entering final

-1-

judgment because a motion for sanctions for noncompliance with
discovery orders (Docket No. 392) was pending before Magistrate
Judge Collings.  The magistrate judge allowed the motion, in
part, and denied it, in part, in a December 5, 2013 Memorandum
and Order (Docket No. 517).  Defendants' objections to that
Memorandum and Order are now pending before this Court.

I.   **Procedural history**

     The subject discovery dispute arose after plaintiffs moved
to compel defendants to produce certain documents in March and
April, 2012.  The motions, which overlap to some extent,
generally involve requests relating to the Abbreviated New Drug
Application (ANDA) that defendants submitted to the Food and
Drug Administration (FDA) and records of testing purportedly
conducted by defendants.  One motion (Docket No. 161) sought to
compel defendants to produce unredacted versions of, inter alia,
1) the ANDA, 2) amendments to the ANDA and 3) all internal
documents relating to defendants' "manufacturing release test
procedures" and certain other analyses.  Another motion (Docket
No. 225) sought to compel the production of defendants' actual
testing records for the generic enoxaparin it sold and
manufactured for sale.

     This Court referred both motions to Magistrate Judge
Collings.  At a June 4, 2012 hearing before the magistrate
judge, plaintiffs contended that defendants had not provided a

single document with respect to the testing of 30 to 40 lots of enoxaparin that they sold between September, 2011, and the hearing date.  Defense counsel told the magistrate judge that plaintiffs' counsel was engaging in "rank speculation" as to whether the documents existed.

On June 12, 2012, the magistrate judge ordered defendants to produce all documents sought by plaintiffs' requests numbered 5, 7, 11, 12 and 13 within one week.  Request 5 concerned the ANDA and amendments to the ANDA and Request 7 involved defendants' other communications with the FDA.  Requests 11, 12 and 13 all related to testing records.

On June 18, 2012, plaintiffs filed an emergency motion to enforce the June 12 order of the magistrate judge (Docket No. 275).  They claimed that defendants had not produced the requested documents but instead informed plaintiffs that the documents would only be made available for inspection in California.  Following a telephonic hearing on June 27, 2012, during which defendants admitted that they had not produced, in unredacted form, the full ANDA, ANDA amendments and related correspondence with the FDA, the magistrate judge ordered the production of those documents by July 5, 2012.

On July 9, 2012, plaintiffs filed an emergency motion for a finding of contempt and sanctions against defendants for failing

to comply with the magistrate judge's June 12 and June 27 orders (Docket No. 295).

This Court stayed the case in August, 2012, before the magistrate judge ruled on the pending motions.  The stay was entered in response to the vacation by the Federal Circuit of the preliminary injunction entered against defendants. Subsequently, this Court denied the pending discovery motions without prejudice in December, 2012.

In January, 2013, the plaintiffs moved for discovery in advance of the filing of dispositive motions (Docket No. 366). This Court allowed plaintiffs to re-file the two discovery-related motions that were pending before the magistrate judge at the time the case was stayed (Docket No. 388).  Per that Order, plaintiffs renewed their motion to compel (originally filed as Docket No. 225 and re-filed as Docket No. 390) and a motion for a finding of willful contempt and sanctions against defendants for willful violation of court orders related to the ANDA motion (originally filed as Docket No. 295 and re-filed as Docket No. 392).  The Court again referred the motions to Magistrate Judge Collings, who held a hearing on both motions in April, 2013.

With respect to the motion to compel production of testing documents (Docket No. 390), the magistrate judge allowed the motion and ordered the defendants to produce unredacted portions

of all notebooks, logbooks and binders that concern testing of certain lots of enoxaparin (Docket No. 423).

With respect to the motion for sanctions (Docket No. 392), the magistrate judge allowed, in part, denied, in part, and otherwise reserved ruling on the motion.  He reasoned that his Order of June 27, 2012 was "ineffective due to the parties' differing views on what constitutes an 'amendment' to the ANDA" and the fact that he was unaware of those differences of opinion at the time.  As a result, he ordered defendants to make the subject documents available for inspection by plaintiffs so that plaintiffs could determine what, if anything, they would seek to have produced (Docket No. 420).

This Court entered summary judgment in favor of defendants on July 19, 2013 (Docket No. 497).  In August, 2013, the magistrate judge ordered the parties to inform him if they disagreed with his retention of jurisdiction to rule on the motion for sanctions despite the fact that plaintiffs had filed a Notice of Appeal prior to this Court's entry of final judgment (Docket No. 502).  The parties notified the magistrate judge that they agreed that he should retain such jurisdiction (Docket Nos. 503, 504).

On December 5, 2013, the magistrate judge entered a Memorandum and Order allowing, in part, and denying, in part, plaintiffs' motion for contempt and sanctions (Docket No. 517).

-5-

He declined to enter a report and recommendation to enter
judgment of infringement against defendants, allowed the motion
with respect to costs and fees and ordered plaintiffs to file an
account of the costs and fees incurred.   Plaintiffs submitted
their costs and fees in the amount of $813,935 to the magistrate
judge on December 23, 2013 (Docket No. 545) and defendants filed
objections to the magistrate judge's order with this Court
(Docket No. 537).

## II.   Defendants' objections to the award of sanctions

### A.   Standard for awarding sanctions premised on alleged discovery violations

Magistrate Judge Collings imposed sanctions under Fed. R.
Civ. P. 37(b), which governs sanctions for failing to obey a
discovery-related order of the court.   Rule 37(b) provides that,
for failure to comply with a court order, the court may impose
sanctions, including, _inter alia_, 1) directing that certain
facts be taken as established for the purposes of the action, 2)
prohibiting the nonmoving party from supporting or opposing
certain claims or defenses and 3) treating the failure to obey a
court order as contempt of court. Fed. R. Civ. P. 37(b)(2)(i-ii,
vii).

Moreover, a court that imposes sanctions for discovery
violations is required to

> order the disobedient party, the attorney advising
> that party, or both to pay the reasonable expenses,

including attorney's fees, caused by the failure,
unless the failure was substantially justified or
other circumstances make the award unjust.

Fed. R. Civ. P. 37(b)(2)(C).

The Supreme Court has interpreted the term "substantially
justified" in this context to mean that the matter is the
subject of a "genuine dispute" or that "reasonable people could
differ as to the appropriateness of the requested action."
Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal
citations omitted).

**B.   Standard of review for orders by magistrate judges
premised on discovery violations**

The First Circuit Court of Appeals has held that motions
for sanctions that are premised on alleged discovery violations
are generally classified as "non-dispositive". Phinney v.
Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999).  As a
result, a district court in most cases may only modify or set
aside the resulting order if the ruling of the magistrate judge
is clearly erroneous or contrary to law. Id.

The First Circuit has recognized that the general rule does
not apply when a magistrate judge imposes discovery sanctions
that "fully dispose[] of a claim or defense." Id.  In such a
case, the order is reviewed de novo. Id. (citing Ocelot Oil
Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988)
(reviewing de novo an order striking pleadings as a discovery

-7-

sanction); <u>N. Am. Watch Corp.</u> v. <u>Princess Ermine Jewels</u>, 786 F.2d 1447, 1450 (9th Cir. 1986) (reviewing de novo the dismissal of counterclaim as discovery sanction)).

In this case, Magistrate Judge Collings ruled that he would award attorneys' fees as a sanction for disobeying his orders during discovery but declined to recommend entering judgment of infringement against defendants. As a result, his order will be reviewed under the standard for non-dispositive matters and will stand unless this Court finds that it is clearly erroneous or contrary to law.

C.   **Analysis**

After a careful review of the subject Memorandum and Order and defendants' objections thereto, the Court finds that the rulings of the magistrate judge were not clearly erroneous or contrary to law.

With respect to the testing records, the Court finds that the magistrate did not clearly err in finding sanctions warranted. At the June 4, 2012 hearing, counsel for plaintiffs advised the magistrate judge that they had not received records of "release testing" between September, 2011, and January, 2012. In response, counsel for the defendants told the magistrate judge that plaintiffs' counsel was "engaging in rank speculation" and was "wrong" that such testing documents existed. In his June 12 order, the magistrate judge required

-8-

the defendants to produce all documents sought by Request 11,
which concerned release testing.  Defendants did not produce
such documents within the time prescribed, in violation of the
court order, even though such testing records did, in fact,
exist.  Sanctions are warranted under these circumstances
because defendants were aware that plaintiffs sought testing
records for a certain period and failed to disclose them despite
a court order to do so.

The order to produce unredacted documents presents a closer
question but the Court nevertheless finds that the magistrate
judge did not clearly err.  The magistrate judge concluded that
defendants' failure to produce previously produced documents in
an unredacted form warranted sanctions in light of his June 12,
2012 order to produce such documents.  Defendants seek to
obfuscate the issues by contending that the magistrate judge's
order did not specify the manner of production and therefore
their offer to allow counsel for the plaintiffs to inspect the
complete ANDA records in California sufficed.  The magistrate
judge, however, specifically ordered defendants to produce in
unredacted form documents that had previously been produced in
redacted form.  Thus, to the extent that defendants had
previously provided redacted copies of documents to the
plaintiffs, it was no excuse to say that unredacted versions of

those documents were available as part of the larger ANDA file kept in hard copy at Amphastar's offices in California.

Finally, the magistrate judge did not clearly err in finding that defendants disobeyed his June 27, 2012 order to deliver a complete copy of all amendments to the ANDA to plaintiffs' counsel in Boston.  Even though the magistrate judge was not aware at the time of the dispute concerning the meaning of "amendment", his order was clear that defendants were to

> physically transport to plaintiffs' counsel's office in Boston a complete copy of all amendments to the ANDA together with a copy of the same which contains the redactions which counsel for the defendants proposes in order to protect highly confidential and proprietary information.

The order clarified that defendants were to produce two copies of the amendments, one redacted and one unredacted.  Defendants were not justified in producing only unredacted transmittal letters in light of that order.

## ORDER

In accordance with the foregoing, defendants' objections to the Memorandum and Order entered at Docket No. 517 are **OVERRULED**.

**So ordered.**

　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　United States District Judge
Dated January 22, 2014