```
                    United States District Court
                      District of Massachusetts
 _____
                               )
MOMENTA PHARMACEUTICALS, INC.  )
AND SANDOZ INC.,               )
                               )
       Plaintiffs,             )
                               )
       v.                      )   Civil Action No.
                               )   11-11681-NMG
AMPHASTAR PHARMACEUTICALS, INC.,)
INTERNATIONAL MEDICATION       )
SYSTEMS, LTD., ACTAVIS, INC. AND)
WATSON PHARMA, INC.,           )
                               )
       Defendants.             )
 _____)
```

## MEMORANDUM AND ORDER

**GORTON, J.**

The instant dispute arises out of a patent infringement suit filed by plaintiffs Momenta Pharmaceuticals, Inc. and Sandoz Inc. (collectively, and for simplicity, "Momenta") against defendants Amphastar Pharmaceuticals, Inc., International Medication Systems, Ltd., Actavis, Inc. and Watson Pharma, Inc. (collectively, and for simplicity "Amphastar"). The Court entered summary judgment in favor of defendants in July, 2013, and will now proceed to enter final judgment.

## I. Procedural background

Plaintiffs' original complaint, which was filed in September, 2011, alleged multiple claims of infringement with respect to U.S. Patent No. 7,575,886 ("the '886 patent") and

-1-

U.S. Patent No. 7,790,466 ("the '466 patent") (Docket No. 1). Plaintiffs amended the complaint as a matter of right in October, 2011 but did not alter their substantive allegations (Docket No. 63).

Defendants moved to dismiss the amended complaint in November, 2011 (Docket No. 100) and this Court denied that motion in January, 2012 (Docket No. 140). Defendants filed their answer in February, 2012 after the Court denied their motion to dismiss (Docket No. 149) and filed an amended answer in May, 2012 (Docket No. 208).

Defendants moved for summary judgment in January, 2013 (Docket No. 346). After the Court extended filing deadlines to allow for discovery (Docket Nos. 388, 431), plaintiffs informed defendants on May 24, 2013 that

> At this time, based on documents produced in April, 2013, Plaintiffs withdraw their contention that the Defendants infringe U.S. Patent No. 7,790,466. Plaintiffs reserve the right to reassert the '466 patent as circumstances develop.

In their opposition to defendants' motion for summary judgment filed one week later (Docket No. 450), plaintiffs stated the following in a footnote:

> Discovery ordered by the Court in April 2013 appears to show that, contrary to the statements contained in previously-produced Amphastar documents, Amphastar has not used the process claimed in U.S. Patent No. 7,790,466 as part of its commercial manufacturing process. Accordingly, that claim is withdrawn.

Plaintiffs did not, however, file a formal motion to amend their pleadings under Fed. R. Civ. P. 15 or seek leave of the Court to dismiss those claims under Fed. R. Civ. P. 41(a).

In their reply brief, defendants noted that plaintiffs had not filed a motion to withdraw under Fed. R. Civ. P. 41(a)(2) and were refusing to dismiss their claims under the '466 patent with prejudice (Docket No. 464). Defendants asserted that

> As Momenta's claims have not been withdrawn with prejudice and in light of Amphastar's declaratory judgment counterclaim of non-infringement of the '466 patent, the Court should grant Amphastar's motion [for declaratory judgment of non-infringement] in view of Momenta's non-opposition.

In July, 2013, the Court allowed defendants' motion for summary judgment with respect to the '886 patent and denied plaintiffs' motion to amend their infringement contentions on the grounds that such an amendment would be futile (Docket No. 497). It explained that it would address plaintiffs' claims only with respect to the '886 patent because plaintiffs had indicated in their opposition that they were withdrawing their claims with respect to the '466 patent. The Court found that 1) the accused testing, if conducted, fell under the 35 U.S.C. § 271(e) safe harbor and 2) the accused testing, if conducted, did not infringe under 35 U.S.C. § 271(g).

Following that ruling, plaintiffs filed an opposed motion in July, 2013 to request final resolution of a pending motion

for sanctions prior to entry of judgment (Docket No. 498). Plaintiffs also filed a notice of appeal of the Court's rulings on defendants' motion for summary judgment and plaintiffs' motion to amend in August, 2013 (Docket No. 500). Defendants moved in October, 2013 for entry of judgment (Docket No. 507), shortly before the Court of Appeals for the Federal Circuit dismissed plaintiffs' appeal for lack of jurisdiction due to the fact that final judgment had not been entered in this case (Docket No. 510).

In a December, 2013 Memorandum and Order, Magistrate Judge Robert Collings found that defendants had disobeyed court orders during discovery and that such misconduct warranted sanctions. He ruled that sanctions would be limited to the attorneys' fees and costs incurred by plaintiffs in litigating the discovery dispute (Docket No. 517). This Court subsequently overruled defendants' objections to that order and found that sanctions were indeed warranted (Docket No. 582).

## II. Defendants' motion for entry of final judgment

Final judgment is warranted because the determination of attorneys' fees and costs is a collateral issue unrelated to the issues on appeal. Cf. Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs, No. 12-992, slip op. at 1 (U.S. Jan. 15, 2014) (holding that, in general, a pending ruling on attorneys' fees and costs

does not prevent a merits judgment from becoming final for purposes of appeal).

The parties agree that the Court may enter final judgment at this juncture but disagree about the form it should take. They specifically disagree about the posture of plaintiffs' claims with respect to the '466 patent. Defendants argue that those claims should be dismissed with prejudice. Plaintiffs contend that the Court should either dismiss the claims without prejudice or dismiss with prejudice any claim for infringement of the '466 patent based solely on the defendants' Abbreviated New Drug Application ("ANDA") as it existed in January, 2013.

### A. Legal standard

Courts in this district construe motions to withdraw some but not all of the claims against a particular defendant as motions to amend pleadings under Fed. R. Civ. P. 15 rather than motions to dismiss voluntarily under Fed. R. Civ. P. 41(a). See, e.g., Schwartz v. CACH, LLC, No. 13-12644, 2013 WL 6152343, at *3 (D. Mass. Nov. 21, 2013) (internal citations omitted); Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 288-89 (D. Mass. 2005) (collecting cases).

Fed. R. Civ. P. 15 provides that a party may amend its pleading with leave of court, which should be freely given "when justice so requires". Fed. R. Civ. P. 15(a)(2). The decision to allow or deny a motion to amend is within the discretion of the

district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  Nevertheless, leave ought to be given unless there is a good reason to deny it. Foman v. Davis, 371 U.S. 178, 182 (1962).  Reasons to deny leave to amend include

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

Id.

A party that seeks to amend its complaint when "considerable time" has elapsed between the filing of its complaint and its motion to amend must show a "valid reason" for its delay. Acosta-Mestra v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998).

If a court allows a motion to amend a pleading by dismissing certain claims, the remaining issue is whether those claims are dismissed with or without prejudice. Cf. Charles Alan Wright & Arthur R. Miller, 6 Federal Practice and Procedure § 1486 (3d ed. 2010) (explaining that courts that allow leave to amend pursuant to Fed. R. Civ. P. 15(a) may impose conditions such as dismissing claims with prejudice).  In this respect, courts apply the same standard as that applied to the voluntary dismissal of all claims against a defendant pursuant to Fed. R. Civ. P. 41(a). See Greene v. Ab Coaster Holdings, Inc., No. 10-38, 2012 WL 2342927, at *7 (S.D. Ohio June 20, 2012); Eastman

Mach. Co. v. Diamond Needle Corp., No. 99-0450, 2000 WL 1887827, at *1 (W.D.N.Y. Dec. 18, 2000).

The First Circuit Court of Appeals has held that a court faced with a motion to dismiss under Fed. R. Civ. P. 41(a) should dismiss without prejudice unless the defendant will suffer legal prejudice as a result. Colon-Cabrera v. Esso Standard Oil Co., 723 F.3d 82, 87 (1st Cir. 2013) (citing P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). Factors that may justify dismissing with prejudice include

> the defendant's effort and expense of preparation for trial, excessive delay and the lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). The Court may also consider whether plaintiffs sought to "circumvent an expected adverse result" in dismissing the '466 claims. Am. Sci. & Eng'g, Inc. v. Kelly, No. 99-10365, 2000 WL 307462, at (D. Mass. Mar. 16, 2000) (citations omitted). The prospect of a second suit or of the plaintiff gaining a tactical advantage in the current suit does not, however, justify dismissing with prejudice. Leith, 668 F.2d at 50.

**B.   Application**

As an initial matter, the Court finds that plaintiffs properly amended their complaint under Fed. R. Civ. P. 15(a), despite the fact that they informed the Court that they were withdrawing certain claims more than one year after the April, 2012 deadline for amending pleadings (Docket Nos. 139, 450). That delay was justified because defendants delayed producing testing records that plaintiffs needed to prove or disprove their infringement theories with respect to the '466 patent. See Foman, 371 U.S. at 182; Acosta-Mestra, 156 F.3d at 52.

The remaining issue is whether plaintiffs' claims with respect to the '466 patent should be dismissed with or without prejudice when the Court enters final judgment.  Notwithstanding the fact that defendants may have incurred significant expense in preparing their defense of the '466 patent claims, the Court will dismiss plaintiffs' claims without prejudice.  Unlike the situation in the related Teva action, plaintiffs have a valid excuse for their delay in withdrawing their claims under the '466 patent. See Urohealth, 216 F.3d at 160.  Plaintiffs advised the Court that discovery provided pursuant to an April, 2013 order of Magistrate Judge Collings revealed that, contrary to statements in previously-produced documents, defendants had not used the process claimed by the '466 patent in its commercial manufacturing process.  Based upon that discovery, plaintiffs

notified defendants and the Court a month or so later that they were withdrawing their claims with respect to the '466 patent.

As a result, the Court finds that plaintiffs did not engage in undue delay and were reasonably diligent despite the fact that they withdrew their claims after defendants filed their motion for summary judgment. See id. Moreover, it would be inequitable in this case to dismiss plaintiffs' claims with prejudice simply because they were withdrawn after defendants filed their motion for summary judgment considering that the reasons for the delay were largely within defendants' control.

## ORDER

For the foregoing reasons, the defendants' motion for entry of final judgment (Docket No. 507) is, to the extent of entry of judgment at this juncture, **ALLOWED**, but otherwise **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2014