MOMENTA PHARMACEUTICALS, INC.        )
and SANDOZ INC.,                     )
                                     )
      Plaintiffs,                  )
                                     )
      v.                           )     Civil Action No.
                                     )     11-11681-NMG
AMPHASTAR PHARMACEUTICALS, INC.      )
and INTERNATIONAL MEDICATION         )
SYSTEMS, LTD.,                       )
                                     )
      Defendants.                  )
                                     )

## ORDER

GORTON, J.

Having further considered the matters taken under advisement at the final pretrial conference, the Court rules as follows:

1. Defendants' in limine motion to exclude the testimony of Dr. Gregory Bell (Docket No. 909) is **DENIED** in its entirety. Because there is a genuine issue of material fact as to whether alternative methods were available to defendants that would have enabled them to show sameness between enoxaparin and Lovenox® and plaintiff purports that Dr. Bell will testify that the demand for enoxaparin is, in fact, related to the sameness demonstrated by the patented method, his testimony will be permitted. Defendants will be afforded ample opportunity to cross examine Dr. Bell.

2. Defendants' requests in their motions in limine (Docket No. 929 and 934) to exclude the testimony of Dr. Jian Liu and Dr.

Ishan Capila with respect to the 1,6-anhydro rings are **DENIED**. Such testimony is permissible because "a structural signature which bears a relationship to the non-naturally occurring sugar which corresponds to Peak 9 [of Fig. 1]" is, arguably, the same structural signature found in a 1,6-anhydro ring. See, e.g., Cubist Pharm., Inc. v. Hospira, Inc., 805 F.3d 1112, 1118 (Fed. Cir. 2015), cert. denied, 136 S. Ct. 2393 (2016). The Court understands that plaintiffs are not asserting that a person of ordinary skill in the art at the time the application was filed would have understood the patent claims to include "1,6-anhydro rings" but rather are alleging that defendants infringe the '886 patent by identifying the structural signature that bears a relationship to the non-naturally occurring sugar that corresponds to peak 9. Plaintiffs are, however, cautioned that if the testimony of their witnesses does not clearly distinguish between what information was, and was not, available at the time the patent application was filed, it will be stricken.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated July 7 , 2017

-2-