## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MOMENTA PHARMACEUTICALS, INC. and SANDOZ INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No.:  1:11-cv-11681-NMG |
| AMPHASTAR PHARMACEUTICALS, INC., and INTERNATIONAL MEDICATION SYSTEMS, LTD., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT

Motion allowed.  s/NGorton, USDJ   3/19/18

Pursuant to Federal Rule of Civil Procedure 58(d), Defendants Amphastar Pharmaceuticals, Inc., and International Medication Systems, Ltd. (collectively "Amphastar") respectfully request entry of final judgment against Plaintiffs Momenta Pharmaceuticals, Inc. and Sandoz, Inc. (collectively "Momenta").

## I.  BACKGROUND

The jury rendered its verdict in this matter on July 21, 2017 (Dkt. No. 1081). The jury found:

1.    Defendants Amphastar Pharmaceuticals, Inc. and International Medication Systems, Ltd. (collectively "Amphastar") infringe claims 6, 15, 16, 53, 54, and 62 (the "Asserted Claims") of U.S. Patent No. 7,575,886 ("the '886 patent") for use of the 15-25% procedures and Disaccharide Building Block ("DBB") procedure;

2.    Momenta should be awarded $0.00 for lost profits and reasonable royalties due to the infringement;

3.    The Asserted Claims of the '886 patent are not anticipated;

4.    The Asserted Claims of the '886 patent are not obvious;

5.    The Asserted Claims of the '886 patent are invalid because the claims are not enabled; and

6.    The Asserted Claims of the '886 patent are invalid because the claims lack written description.

The Court then entered a Memorandum and Order on February 7, 2018 (Dkt. No. 1139) ruling on Amphastar's equitable defenses. The Court's Order specified that:

1.    Momenta waived its right to enforce the '886 patent against Amphastar for use of its 15-25% procedures;

2.      Momenta is equitably estopped from enforcing the '886 patent against Amphastar for use of its 15-25% procedures;

3.      Momenta did not waive its right to enforce the '886 patent against Amphastar for use of its DBB procedure; and

4.      Momenta is not equitably estopped from enforcing the '886 patent against Amphastar for use of its DBB procedure.

## II.      THE COURT SHOULD ENTER FINAL JUDGMENT

Federal Rule of Civil Procedure 58(a) provides that a final judgment "must be set out in a separate document." Fed. R. Civ. P. 58(a); *see also, Fiore v. Washington County Community Mental Health Ctr.*, 960 F.2d 229, 232-33 (1st Cir. 1992) (adopting a uniform approach for all orders denying post-judgment motions under separate rules as orders constituting judgments "subject to Rule 58's separate document requirement."); *Willhauck v. Halpin*, 919 F.2d 788, 793-94 (1st Cir. 1990) (providing that a district court fails to meet the "separate document" mandate of Fed. R. Civ. P. 58 when its final judgment is not recorded on a separate document). Furthermore, Rule 58(d) states that a "party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).  In this case, the Court's February 7, 2018 Memorandum and Order was entered pursuant to Rule 52(a). (Dkt. No. 1139 at 5-6). To date, no final judgment under Rule 58 has been entered. Therefore, under Rule 58(d), Amphastar respectfully requests that the Court enter the Proposed Final Judgment attached as Exhibit A.

Dated: February 23, 2018

Respectfully submitted,

AMPHASTAR PHARMACEUTICALS, INC.,
and INTERNATIONAL MEDICATION
SYSTEMS, LTD.

By their attorneys,

/s/ Robert A. Delafield II
Douglas Carsten (admitted *pro hac vice*)
Natalie J. Morgan (admitted *pro hac vice*)
Joshua Mack (admitted *pro hac vice*)
Chao Qi (admitted *pro hac vice*)
Alina Litoshyk (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130
dcarsten@wsgr.com
nmorgan@wsgr.com
jmack@wsgr.com
cqi@wsgr.com
alitoshyk@wsgr.com

Michael S. Sommer (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
msommer@wsgr.com

Robert A. Delafield II (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
900 S. Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, TX 78746
bdelafield@wsgr.com

Sara Tolbert (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
stolbert@wsgr.com

Daryl L. Joseffer (admitted *pro hac vice*)
Sheldon Bradshaw (admitted *pro hac vice*)
KING & SPALDING
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC  20006

4

djoseffer@kslaw.com
sbradshaw@kslaw.com

Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
Antonio Moriello (BBO # 685928)
ROSE, CHINITZ & ROSE
One Beacon Street, 23rd Floor
Boston, MA 02108
Tel.: 617-536-0040
adr@rose-law.net
mwd@rose-law.net
am@rose-law.net

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that counsel for Amphastar Pharmaceuticals, Inc. and International Medication Systems, Ltd. has conferred with counsel for Plaintiffs, Momenta Pharmaceuticals, Inc. and Sandoz Inc. in an effort to narrow or resolve the issues raised in this motion.  Plaintiffs have objected to the motion.

/s/ Robert A. Delafield II

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via mail to those indicated as non-registered participants on February 23, 2018.

/s/ Robert A. Delafield II