UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOMENTA PHARMACEUTICALS, INC. and SANDOZ INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMPHASTAR PHARMACEUTICALS, INC., and INTERNATIONAL MEDICATION SYSTEMS, LTD., <br><br> Defendants. | Civil Action No.: 1:11-cv-11681-NMG |

## ~~[PROPOSED]~~ FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 58 and in accordance with the Jury Verdict returned on July 21, 2017 (Dkt. 1081) and the Court's February 7, 2018 Memorandum and Order (Dkt. 1139), the Court hereby renders the following Judgment:

1. Defendants Amphastar Pharmaceuticals, Inc. and International Medication Systems, Ltd. (collectively "Amphastar") infringe claims 6, 15, 16, 53, 54, and 62 (the "Asserted Claims") of U.S. Patent No. 7,575,886 ("the '886 patent") for use of the 15-25% procedures and Disaccharide Building Block ("DBB") procedure;

2. Momenta is awarded $0.00 for lost profits and reasonable royalties due to the infringement;

3. The Asserted Claims of the '886 patent are not anticipated;

4. The Asserted Claims of the '886 patent are not obvious;

5. The Asserted Claims of the '886 patent are invalid because the claims are not enabled;

6. The Asserted Claims of the '886 patent are invalid because the claims lack written description;

7. Momenta waived its right to enforce the '886 patent against Amphastar for use of its 15-25% procedures;

8. Momenta is equitably estopped from enforcing the '886 patent against Amphastar for use of its 15-25% procedures;

9. Momenta did not waive its right to enforce the '886 patent against Amphastar for use of its DBB procedure;

10. Momenta is not equitably estopped from enforcing the '886 patent against Amphastar for use of its DBB procedure; and

11. Amphastar as the prevailing party is entitled to costs under Federal Rule of Civil Procedure 54.

**SO ORDERED.**

DATED: 3/19/18

_Nathaniel M. Gorton_
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE